UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.                                       **ORDER**
                                            Crim. No. 11-200 ADM/FLN

(1) John Anthony Markert,
(2) Gregory Paul Pederson, and
(3) George Leslie Wintz, Jr.,

      Defendants.

_____

William J. Otteson, Esq., and David M. Genrich, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of the Plaintiff United States of America.

Joseph S. Friedberg, Esq., Joseph S. Friedberg, Chartered, Minneapolis, MN, on behalf of Defendant John Anthony Markert.

Christopher W. Madel, Esq., and Amy E. Slusser, Esq., Robins Kaplan Miller & Ciresi LLP, Minneapolis, MN, on behalf of Defendant Gregory Paul Pederson.

Andrew M. Luger, Esq., Greene Espel, Minneapolis, MN, on behalf of Defendant George Leslie Wintz, Jr.

_____

      This matter is before the undersigned United States District Judge for a ruling on Plaintiff United States of America's (the "Government") Appeal of Magistrate Judge's Order on the Government's Motion to Modify Defendants' Rule 17 Subpoena [Docket No. 155] ("Appeal"). Magistrate Judge Franklin L. Noel's January 24, 2012 Order [Docket No. 151] denied the Government's Motion to Modify the Rule 17 Subpoena [Docket No. 143] ("Motion to Modify"). For the reasons stated below, the Government's Appeal is granted in part.

In the January 24, 2012 Order, Judge Noel stated that he "did not adopt the 'prosecution team' analysis proposed by the Government and did not hold that FDIC-DRR is part of the prosecution team." Id. 1. The Government now appeals that decision as it relates to FDIC-OIG and, specifically, as it relates to privileged material in the possession of FDIC-OIG.

Because the January 24, 2012 Order is silent concerning FDIC-OIG, this Court will clarify its disclosure obligations. The parties agree that FDIC-OIG is part of the prosecution team, see Appeal 2, and Mem. in Opp'n of Appeal [Docket No. 156] 3, and therefore must disclose exculpatory evidence. See Kyles v. Whitley, 514 U.S. 419, 437 (1995) (determining that prosecutors have "a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); see also United States v. Wilson, 237 F.3d 827, 832 (7th Cir. 2001) ("imput[ing] to the prosecutor's office facts that are known to the police and other members of the investigation team.").

Rule 17 subpoenas, however, may not be used to grant access to materials outside the scope of Rule 16 discovery. See Bowman Dairy Co v. United States, 341 U.S. 214, 219 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."); see also United States v. Agboola, No. 00-CR-100, 2001 WL 1640094, at *5 (D. Minn. Oct. 31, 2001) ("Rule 17(c) is not a broad adjunct to the discovery provisions of Rule 16, and may not be used merely for ferreting out information which may either be relevant or admissible.") (internal quotation omitted). While the Government must comply with Rule 16 and its Brady obligations regarding FDIC-OIG communications, communications protected by attorney-work

product and other privileges are not discoverable.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: The Government's Appeal of Magistrate Judge's Order on the Government's Motion to Modify Defendants' Rule 17 Subpoena [Docket No. 155] is **GRANTED** in part.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 1, 2012.