UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

   v.                                           **ORDER**
                                                Crim. No. 11-200 ADM/FLN

(1) John Anthony Markert,
(2) Gregory Paul Pederson, and
(3) George Leslie Wintz, Jr.,

      Defendants.

_____

William J. Otteson, Esq., and David M. Genrich, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff United States of America.

Joseph S. Friedberg, Esq., Joseph S. Friedberg, Chartered, Minneapolis, MN, on behalf of Defendant John Anthony Markert.

Christopher W. Madel, Esq., and Amy E. Slusser, Esq., Robins Kaplan Miller & Ciresi LLP, Minneapolis, MN, on behalf of Defendant Gregory Paul Pederson.

Andrew M. Luger, Esq., Greene Espel, Minneapolis, MN, on behalf of Defendant George Leslie Wintz, Jr.

_____

      This matter is before the undersigned United States District Judge for a ruling on the Government's *Ex Parte* Request for *In Camera* Review delivered on February 23, 2012. This Court has conducted *in camera* review of the thirteen exhibits in question and finds them protected by attorney-client privilege, attorney work product, and/or the deliberative process privilege.

      The government has an obligation to provide to defendants evidence in its possession which is both favorable to the accused and material to guilt. See Brady v. Maryland, 373 U.S. 83, 87 (1963). Courts have approved of *in camera* Brady review of sensitive government

documents.  See, e.g., Pennsylvania v. Ritchie, 480 U.S. 39, 57–61 (1987).  Under 12 U.S.C. § 1821(t), the Federal Deposit Insurance Corporation (the "FDIC") "shall not be deemed to have waived any privilege applicable to any information by transferring that information to or permitting that information to be used by . . . any other agency of the Federal Government."  The deliberative process privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 2 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)); see generally, Fed. R. Crim. P. 16(a)(2) ("[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.").  Attorney work-product protects the "mental processes of the attorney."  United States v. Nobles, 422 U.S. 225, 238 (1975).  Attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law" and "encourage[s] full and frank communication between attorneys and their clients . . . ."  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).  When documents include communications covered by the deliberative process privilege as well as summaries of facts which are "so interwoven with the deliberative material that it is not severable," that material is protected by the deliberative process privilege.  United States v. Fernandez, 231 F.3d 1240, 1247 (9th Cir. 2000).

   Particularly apposite to this present matter is Martin v. Dep't of Justice, 488 F.3d 446 (D.C. Cir. 2007).  Although Martin pertains to post-conviction FOIA requests arising out of Martin's conviction for bank fraud, Martin is germane here because it concerns a confidential

case memorandum from an FDIC investigator to an attorney discussing a related bond claim arising out of the fraudulent loan scheme.  Id. at 451.  The Martin court analyzed the documents under attorney work product privilege and held that the FDIC memorandum, prepared by an FDIC investigator at the behest of an FDIC attorney and in anticipation of litigation, "qualified for protection in its entirety as attorney work-product because it contain[ed] facts integral to the legal analyses and discussions of investigation strategy."  Id. at 455 (internal quotation omitted).

      The Court has reviewed the specified exhibits *in camera* and determined that the FDIC pre- and post-closing reports, internal FDIC memoranda and emails, entries in an FDIC internal database, and legal memoranda all fall under either the deliberative process privilege, attorney-client privilege, or the attorney work product doctrine.  Like the memoranda in Martin, the exhibits here are confidential memoranda and communications between FDIC investigators and attorneys in anticipation of litigation.  Moreover, the documents are not "material to guilt," are not Brady material, and include facts integral to legal theories and investigation strategies.  The various legal claims and theories set forth in the memoranda but not pursued in the present case do not rise to the level of exculpatory Brady material.  The fact summaries are based on material already disclosed to Defendants, and they are inextricably intertwined in legal reasoning and discussions of strategy.  Additionally, the letter entitled "Demand for Payment of Civil Damages," which has already been disclosed to Defendants, recounts the same underlying facts, investigation, database entries, and potential claims.

      Because the Government's *Ex Parte* Request for *In Camera* Review does not contain any privileged information, this Court orders that this memorandum be filed publicly on CM/ECF, without its attached exhibits which will remain under seal.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Government is not required to disclose Exhibits 1–13 which it submitted in its *Ex Parte* Request for *In Camera* Review on February 23, 2012.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 29, 2012.