United States of America,

        Plaintiff,

  v.

John Anthony Markert,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 11-200 (1) ADM/FLN

___

William J. Otteson, Esq., and David M. Genrich, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff United States of America.

Joseph S. Friedberg, Esq., Joseph S. Friedberg, Chartered, Minneapolis, MN, on behalf of Defendant John Anthony Markert.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant John Anthony Markert's ("Markert") Motion for Release Pending Appeal [Docket No. 303]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

In April 2012, a jury found Markert guilty of five counts of misapplication of bank funds. See Jury Verdict [Docket No. 237]. On September 21, 2012, this Court sentenced him to forty-two months imprisonment, followed by two years of supervised release. See Sentencing J. [Docket No. 301]. Markert, currently awaiting designation to a Federal Correctional Institution, filed this Motion on September 25, 2012.

## III. DISCUSSION

### A. Standard of Review

Section 3143 of Title 18, United States Code, governs release pending appeal. It provides that a defendant who has been found guilty, has been sentenced, and has filed an appeal shall be ordered detained unless (A) clear and convincing evidence exists that the person is unlikely to flee or endanger public safety and (B) the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, a new trial, sentence without imprisonment, or a reduced sentence to a term less than the time already served or expected to be served while pending appeal. 18 U.S.C. § 3143(b)(1). "The Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal," resulting as intended in "'fewer convicted persons remain[ing] at large while pursuing their appeals.'" United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (per curiam) (quoting United States v. Powell, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc)).

The Eighth Circuit defines a "substantial question" as a "close question or one that could go either way." Powell, 761 F.2d at 1233–34. A "fairly debatable" issue, a nonfrivolous issue, or a question over which reasonable judges could differ does not rise to the level of "substantial question." Id. at 1234. However, "the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal." Id. Once a defendant has established the appeal raises a substantial question, the defendant must next show that the issue of fact or law "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Id. The defendant must make these showings by a preponderance of the evidence. United States v.

Gorman, 674 F. Supp. 1401, 1403 (D. Minn. 1987) (citing Powell, 761 F.2d at 1232–34).

**B. Analysis**

Markert and the Government agree that Markert is not a flight risk. The only issue is whether Markert's appeal raises a substantial question of law or fact and whether it is likely to result in a new trial, acquittal, a non-custodial sentence or a significantly reduced sentence. See 18 U.S.C. § 3143(b). Markert argues that his release pending appeal is appropriate because he has raised two appellate issues which meet the Powell standard for raising a substantial question. First, Markert claims the government's evidence was insufficient as a matter of law to support his convictions for the crime of misapplication of bank funds. Second, Markert argues the Court committed error in sentencing when it found the loss attributable to his crimes was over $1.8 million.

Neither of the issues Markert raises on appeal are substantial questions of law and fact, and therefore release pending appeal is inappropriate. As this Court more fully explained in its September 17, 2012 Order [Docket No. 293], "[t]he evidence against Markert was substantial." Id. at 5. While Markert renews his argument that the evidence was insufficient to convict him of misapplication of bank funds because he did not expose the bank to increased risk and did not personally benefit from the nominee loan scheme, personal benefit or actual loss to the bank are not necessary elements of misapplication of bank funds. See Sept. 17, 2012 Order 6 (citing United States v. Duncan, 598 F.2d 839, 858 (4th Cir. 1979)).[1] Markert made "[t]hese arguments

---

[1] Notwithstanding that "actual loss" is not a necessary element of misapplication of bank funds, Pinehurst Bank was adversely effected by the misapplication of bank funds. After the $1.8 million check-kite and nominee loan scheme were discovered by an auditor in January 2010, the bank was required to book more than $2 million in reserves. This led to Pinehurst Bank being undercapitalized, and the bank closed in May 2010.

3

. . . to the jury and [they] were rejected." Sept. 17, 2012 Order 6. "The offense occurred and was complete when the misapplication took place." Id. (citing United States v. Ness, 655 F.2d 248, 251 (8th Cir. 1981) (quotation and citation omitted)). The Court is convinced that this is not a "close question or one that could go either way." See Powell, 761 F.2d at 1233–34.

Markert's second issue on appeal — sentencing loss — is similarly not a substantial question of law or fact. Markert contends that the amount of loss attributable to the five nominee loans was zero rather than $1.8 million because the nominee loans did not cause additional loss to Pinehurst Bank. However, the amount of loss in misapplication of bank funds cases is the amount of funds misapplied, not "actual loss," "whether the loss was intended or whether the loss was paid back. . . ." United States v. Hulshof, 23 F.3d 1470, 1473 (8th Cir. 1994). Under the United States Sentencing Guidelines, "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1, App. Note 3(A)(i). The United States Court of Appeals for the Eighth Circuit has stated that intended loss means "the loss the defendant intended to cause the victim," and courts are to look to "[t]he amount of possible loss . . . [as] one element of proof to be considered, along with all other evidence, on the issue of intended loss." United States v. Wells, 127 F.3d 739, 746 (8th Cir. 1997). While Markert asserts that Pinehurst Bank suffered no actual loss, the intended or possible loss here was the amount of money Markert willfully misapplied — over $1.8 million. For this reason, Markert has not established that sentencing loss is a close question or could go either way.

Additionally, even if the amount of loss issue were decided differently on appeal, it would not result in a non-custodial sentence or a sentence less than the term of imprisonment served or expected to be served during the appeal process as required by 18 U.S.C. §

4

3143(b)(1)(B). If the Eighth Circuit determined that the loss for sentencing purposes was zero, Markert's applicable guideline range would be 12–18 months. This guideline range would not result in a non-custodial sentence. Moreover, as Markert is not currently incarcerated and will not be until the Bureau of Prisons has him designated for placement in a federal correctional institution with appropriate medical care, the reduced guideline sentence would still not be less than the term of imprisonment served or expected to be served during the appeal process. As a result, this issue is not one likely to result in a non-custodial sentence or a sentence less than time served or expected to be served.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant John Anthony Markert's Motion for Release Pending Appeal [Docket No. 303] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 10, 2012.